UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Evadney Yorrick,<br>                         Plaintiff,<br><br>-v-<br><br>West Lawrence Care Center, LLC,<br><br>                         Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Evadney Yorrick ("Plaintiff" or "Yorrick"), by Abdul Hassan Law Group, PLLC, her attorney, complaining of Defendant West Lawrence Care Center, LLC ("Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that she was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for each and all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover her unpaid wages, severance pay, including her unpaid wages under Article 6 of the New York Labor Law including Section 191, 193, 198, 198-c, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. At all times relevant herein, Plaintiff Evadney Yorrick ("Plaintiff" or "Yorrick") was an adult, over eighteen years old, who resides in Queens County in the State of New York.

8. At all times relevant herein, Defendant West Lawrence Care Center, LLC ("WLCC") was a New York limited liability company.

9. At all times relevant herein, Defendant controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff.

10. Upon information and belief and at all times relevant herein, Defendant WLCC owned/operated a principal place of business in Queens County, New York located at 1410 Seagirt Blvd, Far Rockaway, NY, 11691 where Plaintiff was employed.

11. At all times relevant herein, Plaintiff was employed by Defendant.

## STATEMENT OF FACTS

12. Upon information and belief, and at all relevant times herein, Defendant was in the business of providing in relevant part, housing and medical care to the public.

13. Upon information and belief, and at all relevant times herein, Defendant owned one or more locations and employed over 100 employees.

14. Plaintiff was employed by Defendant for about 30 years ending on or about February 27, 2023.

15. At all times relevant herein, Defendant employed Plaintiff as a manual worker performing a variety of manual and physical duties such as such as providing assistance to residents throughout her workday with Defendant.

16. At all times relevant herein, Plaintiff was an hourly employee of Defendant and her last hourly rate of pay was about $24.00 an hour.

17. At all times relevant herein, Plaintiff worked about 60-70 or more hours each week; 6 days a week for Defendant - with the exception of about 3-4 weeks each year.

18. At all times relevant herein, Defendant had a policy and practice of improperly deducting about 30 minutes or more each day from Plaintiff's work time. However, due to the demands of her job, Plaintiff did not receive a "bona fide" meal break within the meaning of the FLSA and NYLL – as further reflected in the time records. 29 C.F.R. § 785.18; 29 C.F.R. § 785.19. As a result, Plaintiff is owed overtime wages for about 3 overtime hours worked each week during her employment with Defendant - with the exception of about 3-4 weeks each year, which she seeks to recover with this action and for which she was not paid any wages.

19. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC § 211, 29 CFR § 516 and NYLL § 195, 12 NYCRR §142, are incorporated herein by reference.

20. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours each week during her employment with Defendant.

21. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021)("For example, the purported hiring notice Azoulay cites lacks required information about the employer (such as contact information and the corporate or business name), as well as required information about tip credit or tip policy. Similarly, Azoulay relies on purported wage notices that lack required information regarding all hours worked and wages paid. See Appellee Br. at 16-21.").

22. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) - the statements provided to Plaintiff did not reflect all hours worked, nor all wages earned, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021)("For example, the purported hiring notice Azoulay cites lacks required information about the employer (such as contact information and the corporate or business name), as well as required information about tip credit or tip policy. Similarly, Azoulay relies on purported wage notices that lack required information regarding all hours worked and wages paid. See Appellee Br. at 16-21.").

23. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500,000.

24. Upon information and belief and at all times relevant herein, Defendant conducted business with vendors/entities/persons within the State of New York.

25. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, payroll application, timekeeping, websites and telephone/cellphone systems as a regular/daily part of the operation of Defendant and Plaintiff's employment with Defendant.

26. Upon information and belief and at all times relevant herein, Defendant utilized the goods, materials, and services through interstate commerce.

27. Defendants as a regular part of their business, make payment of taxes and other monies to agencies and entities outside the State of New York.

28. Upon information and belief, and at all relevant times herein, Defendant conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

29. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

30. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29 CFR 516.4; 12 NYCRR 142-2.8), and Defendant failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that she could seek enforcement of such rights through the government enforcement agencies. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

31. The circumstances of Defendant's termination of Plaintiff's employment and other aspects and conditions of Plaintiff's employment are under review and investigation and Plaintiff may assert wrongful termination and other claims at a later time.

32. "Plaintiff" as used in this complaint refers to the named Plaintiff.

33. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime wages)

34. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 33 above as if set forth fully and at length herein.

35. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA.

36. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206, 207.

37. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

38. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

39. Due to Defendant's FLSA overtime wage violations, Plaintiff is entitled to recover from Defendant, her unpaid overtime wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. & 12 NYCRR § 142-2.2 (Overtime Wages)**

40. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

41. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

42. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay and 1.5 times the applicable New York State Minimum Wage rate for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12

NYCRR § 142-2.2.

**Relief Demanded**

43. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, her unpaid overtime wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198 – Unpaid and Withheld Wages

44. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 43 above with the same force and effect as if fully set forth at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

46. At all relevant times herein, Defendant violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all her wages, including her unpaid overtime wages, wage deductions, unpaid severance pay, as required under NY Labor Law § 190 et seq.

47. At all times relevant herein, Plaintiff was entitled to severance/separation pay of at least about $30,000 from Defendant pursuant to the terms and conditions of his employment with Defendant, including Defendant's severance/separation plan/policy which Defendant was required to apply and implement in a fair, reasonable, equal, non-discriminatory and non-arbitrary manner.

48. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

49. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the

statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## **Relief Demanded**

50. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, her entire unpaid wages, including her unpaid overtime wages, wage deductions, severance pay, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

51. Declare Defendant to be in violation of the Plaintiff's rights under the FLSA and New York Labor Law – 12 NYCRR § 142 and Article 6 of the NYLL – NYLL § 190 et Seq.

52. As to her **First Cause of Action**, award Plaintiff her unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

53. As to her **Second Cause of Action**, award Plaintiff her unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

54. As to her **Third Cause of Action**, award Plaintiff any and all outstanding wages, including her entire unpaid overtime wages, wage deductions, unpaid severance pay, due under law, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

55. Award Plaintiff prejudgment interest on all monies due.

56. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

57. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York
        February 28, 2023**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com